UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  LISA A. ARANA                           :   CHAPTER 13
       Debtor(s)                                    :
                                                    :
CHARLES J. DEHART, III                           :
STANDING CHAPTER 13 TRUSTEE                      :
       Movant                                       :
                                                    :
       vs.                                          :
                                                    :
LISA A. ARANA                                    :
       Respondent(s)                                :   CASE NO.  5-18-bk-01920

### TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

    AND NOW, this 18th day of June, 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.  More specifically,

    Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a.  Plan payment calculation sum of Lines 34, 35, 36 45.
    b.  Line 34 - $500.00/month.

    2.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(3) in that the debtor(s) attempts to cure a default outside of the plan.  Said cure of default is only permissible, by means of, and therefore under, the Chapter 13 Plan.  (Homeowners Association)

    3.  Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.  More specifically, debtor's have excess non-exempt equity in the following:

    a.  Residential real estate.

    4.  The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a.  The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. Paystub for month ending July 31, 2018.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 25th day of June, 2018, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Patrick James Best, Esquire
18 N. 8th Street
Stroudsburg, PA 18360

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee